IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

MATTHEW TAYLOR,

        Petitioner,

v.                                                Civil Action No.:5:19cv291
                                                (Judge BAILEY)

R. HUGGINS, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On October 16, 2019, Matthew Taylor, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction from the Western District of Missouri. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.    BACKGROUND[1]

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER and all ECF numbers are from that case. See United States v. Taylor, 6:16-cr-03101-MDH-1. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On August 24, 2016, Petitioner was charged in a two count Indictment. Count One charged that Petitioner was an unlawful user of a controlled substance as defined in 21 U.S.C. § 801 and knowingly possessed in and affecting commerce a firearm all in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Count Two charged that Petitioner knowingly and intentionally stole firearms from a licensed dealer of firearms in violation 18 U.S.C. § 924(m). ECF No. 1. On December 19, 2016, Petitioner entered into a written plea agreement by which he agreed to plead guilty to Count One of the indictment. In exchange for his plea to Count One, the plea agreement provided that the United States Attorney agreed to dismiss Count Two of the indictment at sentencing. As set forth in the plea agreement, parties agreed that the facts constituting the offense to which Petitioner was pleading guilty was as follows:

> On May 26, 2016, Detective Lloyd Blake of the Lebanon Police Department contacted the defendant, MATTHEW TAYLOR, at his residence, located in Lebanon, Missouri, in connection with an investigation into stolen firearms. The defendant consented to a search of the residence, resulting in the seizure of two baggies, one containing cocaine, one containing methamphetamine. The defendant admitted that the drugs belonged to him. While on the scene, the investigator spoke with the defendant's mother who informed the officers that her son was a drug addict and that he had been in possession of a firearm the previous night. The firearm, a Ruger, model SR96, nine millimeter pistol was located on a shelf near the front door of the house. The serial number have been ground off the weapon and was illegible.
>
> The defendant was questioned later the same day by Special Agent Matthew Jones of the Bureau of Alcohol, Tobacco, and Firearms in the Lebanon Police Department. After being advised of his Miranda rights, the defendant admitted that he broke into a pawnshop and stole firearms. The defendant confessed that after stealing the firearms he obliterated the serial numbers and distributed them to two friends so that they could be sold in exchange for controlled substances.
>
> The firearms in question were manufactured outside the State of Missouri. The defendant, at the time of the offense, actively engaged in the use of cocaine and methamphetamine.

ECF No. 23 at 2.

The plea hearing was conducted on December 19, 2016, by Judge M. Douglas Harpool, who accepted the plea. ECF No. 22. The sentencing hearing was conducted on March 23, 2017. ECF No. 28. Judgment was entered on March 24, 2017 which committed Petitioner to the custody of the Federal Bureau of Prison to be imprisoned for a total term of 48 months to be followed by a three year term of supervised released. ECF No. 29. Petitioner did not file a direct appeal or a motion to vacate pursuant to 28 U.S.C. § 2255. According to the BOP inmate locator, Petitioner's projected release date is August 17, 2021.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the Respondent.

### IV.  CLAIMS OF THE PETITION

Petitioner requests that this Court vacate his sentence. In support of this request, Petitioner alleges that his sentence is unconstitutional because he received ineffective assistance of counsel. More specifically, Petitioner alleges that his counsel failed to a file a Notice of Appeal as requested and failed to consult with him after sentencing concerning the appeal. In addition, Petitioner alleges that he is actually innocent. In support of this allegations, he relies on the recent decision in Rehaif v. United States, 139 S.Ct. 2191 (2019). More specifically, Petitioner argues that under Rehaif, it was impossible for him to knowingly violate § 922(g) because the Government failed "to prove that he had a 'vicious will' to possess said firearm and to place a firearm within the hands of Petitioner that was discovered in a completely different section of the home then he was located." ECF No. 1-1 at 9.

### V.  ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their

4

convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's

savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones at 333-34 (emphasis added).

Although Petitioner has raised the savings clause, he is not entitled to its application. Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of Jones.

Although Petitioner argues that Rehaif invalidates his conviction, he misconstrues its impact on his conviction. In Rehaif, the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195. The Petitioner

6

in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the Petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the Petitioner's visit to a firing range, where he shot two firearms, the Petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the Petitioner's objection, that the "United States is not required to prove" that the Petitioner "knew he was illegally or unlawfully in the United States." Id. at 2194. The jury found the Petitioner guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the Petitioner's status as an illegal alien. Id. at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

    Rehaif does not apply to Petitioner's motion. The requirement of proof by the Government that a defendant knew he belonged to the relevant category of persons barred from possessing a firearm was found in the context of a jury trial. In the instant case, Petitioner was charged with being an unlawful user of a controlled substance and knowingly possessing a firearm. He pleaded guilty to this charge in a plea agreement which set forth the elements of the offense. "A knowing, voluntary, and intelligent plea to

7

an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Moreover, to the extent Petitioner alleges that his counsel was ineffective for failing to file an appeal as requested, such an allegation does not give rise to an appropriate claim in a § 2241 petition. It does not implicate either the Jones savings clause or that of Wheeler.

Consequently, because Petitioner attacks the validity of his conviction and sentence and fails to establish that he meets the Jones or Wheeler requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The Petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent

with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: November 5, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE